# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARC HOLTGRAVE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:02CV01588 DDN |
| CITY OF SAINT JOHN, MISSOURI, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

Plaintiff has filed a Motion in Limine requesting that the Court exclude from testimony or mention at trial of various facts. In support of that Motion, the Plaintiff states:

### Prior record of arrests, convictions and sentences of Marc Holtgrave, Sr.

Plaintiff has one prior arrest and conviction believed to be for Assault in 1987 which falls well outside the ten (10) year window as set forth in Fed. R. Evid. 609(b), and is therefore inadmissible. Furthermore, there are no specific facts and circumstances in existence which support that the probative value of the conviction substantially outweighs its prejudicial effect, which is the necessary predicate for admissibility under Fed. R. Evid. 609(b). Evidence of Plaintiff's conviction must therefore be excluded as it will do nothing but unfairly prejudice the jury and cause them to lose sight of the issues in this case.

Plaintiff's criminal arrest and/or conviction for Assault in 1987 is irrelevant to the issues raised by this cause. Rule 404 excludes character evidence when offered to prove a "person's character or trait of character . . . for the purpose of proving action in conformity therewith on a

particular occasion." Fed. R. Evid. 404(a). Rule 404(b) reiterates the general rule specifically as to other crimes, wrongs or acts, with some exceptions. None of the exceptions apply. Even if the court finds relevance to the evidence — in one of the exceptions described in Rule 404(b), the Rule 403 analysis applies. *See*, Advisory Committee Notes to 1972 proposed Rules, Fed. R. Evid. 404. Mr. Holtgrave's criminal history simply has nothing to do with the reasonableness of the City of St. John's officers' conduct, but even if the court finds to the contrary, Federal Rule of Evidence 403 should apply to exclude the evidence.

## Juvenile Court records involving Marc Holtgrave, Jr. and Greg Holtgrave

Marc Holtgrave, Jr. and Greg Holtgraves' juvenile histories have no bearing on this proceeding and are wholly irrelevant. Marc Holtgrave, Jr. and Greg Holtgrave are not parties to this action. If Marc Holtgrave, Jr. or Greg Holtgrave are called as witnesses, their juvenile court records are irrelevant and should thereby be excluded by Rule 401 and 402 and are furthmore prejudicial in the Rule 403 sense. "Evidence of juvenile adjudications is generally not admissible under this rule. The court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attach the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence." Fed. R. Evid. 609. "Congress specifically added the words 'in a criminal case' in limiting the circumstances under which a trial court may exercise its discretion in admitting evidence of a prior juvenile adjudication. The trial court has no discretion to admit such evidence in a civil proceeding." *Powell v. Levit*, 640 F.2d 239, 241 (9th Circ. 1981).

Juvenile court records are inadmissible by operation of Missouri law. Section 211.271.3

2

of the Revised Statutes of the State of Missouri states in pertinent part:

> After a child is taken into custody ... all admissions, confessions, and statements by the child to the juvenile officer and juvenile court personnel and all evidence given in cases under this chapter, as well as all reports and records of the juvenile court, are not lawful or proper evidence against the child and shall not be used for any purpose whatsoever in any proceeding, civil or criminal, other than proceedings under this chapter.

This statutory prohibition applies "not only to impeachment by means of the juvenile record itself, but also to any cross-examination on the subject of prior juvenile 'convictions.'" *State v. Thomas*, 536 S.W.2d 529, 531. A ruling against a defendant in juvenile court is not technically considered a criminal "conviction." R.S.Mo. §211.271.1*; State v. Williams*, 473 S.W.2d 388, 389 (Mo. 1971). Instead, it is called a juvenile adjudication. *See,* R.S.Mo. §211.271.1. Furthermore, it is wholly irrelevant whether Marc Holtgrave, Jr. or Greg Holtgrave have ever been referred to Juvenile Court. Absent a conviction that meets the test of Fed. R. Evid. 608 or 609, evidence of arrests or charges should be excluded. Fed. R. Evid. 401. Logically, this prohibition extends to any Juvenile Court referral which, as a matter of law, cannot result in a "conviction".

**The decision of the U.S. Department of Justice not prosecute the Defendant officers**

The Federal Bureau of Investigation investigated the conduct of the Defendant officers. The U.S. Department of Justice has decided that the evidence is not sufficient to establish a prosecutable violation of the federal criminal civil rights statute. This decision by the U.S. Department of Justice has no bearing on the proceeding before the Court and should thereby be excluded by Federal Rules of Evidence 401 and 402. Moreover, besides the lack of relevance, there is a substantial risk that the jury will conclude that because there was no criminal prosecution, the defendant officers are not liable in the case at bar. The evidence should

therefore be excluded under Federal Rule of Evidence 403.

### Any previous calls for service by the St. John Police Department to the Holtgrave Residence

Evidence of events prior to the incident is irrelevant to the issues raised by this cause. Fed. R. Evid. 401 and 402. The Eighth Circuit has held that the only evidence relevant to the reasonableness inquiry is that which the officer possessed at the time of the seizure and immediately before. Events occurring before the seizure are irrelevant. *Schulz v. Long*, 44 F.3d 643, 648 (8th Cir. 1996). Alternatively, any "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . ." Fed. R. Evid. 403.

### Conclusion

Plaintiff's Motion in Limine attempts to prevent the defense from shifting the focus from the relevant events to testimony or mention of irrelevant facts that merely unfairly taint the proceedings. The issue for the jury is simply — although not a simple task — to decide whether the arrest and treatment of Marc Holtgrave, Sr. and the warrantless search of his home were objectively reasonable. Post-hoc rationalizations and previous police contact are not a legitimate part of the inquiry and the defense should be prevented, as more fully set forth herein, from engaging in them. The interests of justice and judicial economy are best served by in limine rulings that focus the trial on the relevant inquiry, reasonableness, and eliminate the foray into side issues that are not only wasteful of the time and resources of the court and parties, but are unfairly prejudicial.

Respectfully submitted this
14th day of May, 2004


By: /s/ Stephen M. Ryals
    Stephen M. Ryals   #10602
    THE RYALS LAW FIRM, P.C.
    8008 Carondelet, Suite 205
    St. Louis, MO 63105
    (314) 862-6262
    (314) 862-8845 FAX
    E-Mail: ryals@rslawstl.com


and


/s/ Richard L. Swatek
Richard L. Swatek   #4519
720 Olive, Ste 1600
St. Louis, MO 63101-2321
(314) 436-2000; FAX (314) 436-2002
Email: rswatek@swateklaw.com

Attorneys for Plaintiff Holtgrave


**CERTIFICATE OF SERVICE**

    I hereby certify that on May 14th, 2004, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Peter J. Dunne
Rabbitt, Pitzer & Snodgrass, P.C.
100 South Fourth Street, Suite 400
St. Louis, MO 63102-1821

Attorney for Defendants